SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

MALGORZATA LESNIEWSKI, AUDRA
CHRISTIANSEN, CARINE SILVA DE DEUS,
RENATA NAVEGA, JONIKA OAKES, KIYANA
OAKES, NAKEISHA WILLIAMS, ANDREA
STERLING, VIKTORIIA MAKHOVA, STACEY
AULT, and JANE DOE,

         *Plaintiffs,*

         -against-

LESLIE HERBERT WEXNER,
NINE EAST 71ST STREET CORPORATION, and
THE WEXNER FOUNDATION,

         *Defendants.*

-----------------------------------------------------------------------X

**Index No.: __/2026**

**Plaintiffs designate
NEW YORK COUNTY
as place of trial.**

**SUMMONS**

**The basis of venue is the
location where a substantial
part of the events or
omissions giving rise to these
claims occurred, the residence
of defendants NINE EAST
71ST STREET CORP. and
THE WEXNER
FOUNDATION, and some
plaintiffs reside in New York
as set forth below.**

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to Answer the Verified Complaint in this action and to serve a copy of your Answer or, if the Verified Complaint is not served with this Summons, to serve a Notice of Appearance on Plaintiffs' attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and, in case your failure to appear or Answer, judgement will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, NEW YORK COUNTY ON _____ IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated: New York, New York
       March 6, 2026

                               **MERSON LAW, PLLC**

               By:    */s/ Jordan K. Merson, Esq.*
                     Jordan K. Merson, Esq.
                     Nathan E. Werksman, Esq.
                     Jennifer C. Plotkin, Esq.
                     Samuel A. Martin, Esq.

**EXHIBIT**

**A**

1

Noah M. Werksman, Esq.
*Attorneys for Plaintiffs*
950 Third Avenue
New York, New York 10022
(212) 603-9100

2

TO:

**NINE EAST 71ST STREET CORPORATION**

575 Lexington Ave., 4th Floor
New York, NY 10022

9 E. 71st St.,
New York, NY 10021

**THE WEXNER FOUNDATION**

60 E 42nd St. #1700
New York, NY 10165

551 Madison Ave., 9th Floor
New York, NY 10022

8000 Walton Pkwy, Ste. 100,
New Albany, Ohio, 43054

**LESLIE H. WEXNER**

4500 Kitzmiller Rd.
New Albany, OH 43054

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: __/2026

------------------------------------------------------------------X

MALGORZATA LESNIEWSKI, AUDRA
CHRISTIANSEN, CARINE SILVA DE DEUS,
RENATA NAVEGA, JONIKA OAKES, KIYANA
OAKES, NAKEISHA WILLIAMS, ANDREA
STERLING, VIKTORIIA MAKHOVA, STACEY
AULT, and JANE DOE,

**VERIFIED
COMPLAINT**

*Plaintiffs*,

-against-

LESLIE HERBERT WEXNER,
NINE EAST 71ST STREET CORPORATION,
and THE WEXNER FOUNDATION,

*Defendants*.

------------------------------------------------------------------X

## COMPLAINT AND JURY TRIAL DEMANDED

Plaintiffs **MALGORZATA LESNIEWSKI, AUDRA CHRISTIANSEN, CARINE SILVA DE DEUS, RENATA NAVEGA, JONIKA OAKES, KIYANA OAKES, NAKEISHA WILLIAMS, ANDREA STERLING, VIKTORIIA MAKHOVA, STACEY AULT, and JANE DOE,** (collectively "Plaintiffs"), by and through their attorneys at **MERSON LAW, PLLC**, and as for their Verified Complaint in this action against Defendants **LESLIE HERBERT WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION** (collectively "Defendants"), hereby allege the following and upon information and belief and to all other matters, at all relevant times, as follows:

4

## NATURE OF THE CLAIMS

**"We should be very clear that there would be no Epstein island, there would be no Epstein plane, there would be no money to traffic women and girls, Mr. Epstein would not be the wealthy man he was without the support of Les Wexner."**

*- U.S. Congressman Robert Garcia on February 18, 2026,
after Leslie Wexner's deposition.*

1. There would be no Epstein without Les Wexner. Congressman Garcia is right.

2. Defendants LESLIE H. WEXNER, along with defendants NINE EAST 71ST STREET CORPORATION and THE WEXNER FOUNDATION, both entities created, managed and/or controlled by Defendant LESLIE H. WEXNER, enabled Jeffrey Edward Epstein ("Epstein") to build an international sex trafficking ring and to commit heinous acts of gender-motivated violence against Plaintiffs.

3. Here's how the enabling worked: defendant LESLIE H. WEXNER gave Epstein approximately $200 million or more over the course of twenty years that Epstein used to build his sex trafficking network and commit acts of gender-motivated violence against Plaintiffs, and other women and children.

4. Defendant LESLIE H. WEXNER owned a home located at 9 E. 71st St., New York, New York and transferred it to Epstein through defendant NINE EAST 71ST STREET CORPORATION to provide him with a premises to commit and conspire for acts of gender-motivated violence against Plaintiffs, and other women and children.

5. Defendant LESLIE H. WEXNER also directed defendant THE WEXNER FOUNDATION to provide Epstein vast sums of money and to provide Epstein with full power of attorney so Epstein could and did use its funds to commit acts of gender-motivated violence against Plaintiffs, and other women and children.

5

6. Without Defendants NINE EAST 71ST STREET CORPORATION, THE WEXNER FOUNDATION, and LESLIE H. WEXNER (collectively "Defendants"), Epstein would have been a failed high school math teacher. But, due to the Defendants' enabling and conspiracy, Epstein built a vast and sophistcated sex trafficking network which he used ruthlessly to commit acts of gender-motivated violence upon Plaintiffs, causing them significant and life-long injuries.

## PARTIES

7. Plaintiff MALGORZATA LESNIEWSKI is a resident of the Commonwealth of Pennsylvania.

8. Plaintiff AUDRA CHRISTIANSEN is a resident of the State of Florida.

9. Plaintiff CARINE SILVA DE DEUS is a resident of the State of New York.

10. Plaintiff RENATA NAVEGA is a resident of the State of New Jersey.

11. Plaintiff JONIKA OAKES is a resident of the Commonwealth of Pennsylvania.

12. Plaintiff KIYANA OAKES is a resident of the Commonwealth of Pennsylvania.

13. Plaintiff NAKEISHA WILLIAMS is a resident of the Commonwealth of Pennsylvania.

14. Plaintiff ANDREA STERLING is a resident of the State of Florida.

15. Plaintiff VIKTORIIA MAKHOVA is a resident of the State of New York.

16. Plaintiff STACEY AULT is a resident of the State of New York.

17. Plaintiff JANE DOE is a resident of the State of New York.

18. Upon information and belief, Defendants are successors-in-interest and/or obligors to Epstein's assets, liabilities, obligations, responsibilities and/or wrongful and/or unlawful conduct as set forth herein.

6

19. At all times herein mentioned, Defendant NINE EAST 71ST STREET CORPORATION was and is a corporation duly organized and existing under and by the laws of the State of New York with a principal place of business located at 9 East 71st St., New York, New York, and its agents, servants, and/or employees were in charge of and controlled, supervised, operated, inspected, managed, and maintained Epstein's residence located at 9 East 71st St., New York, New York, where Epstein sexually abused Plaintiffs as described below.

20. At all times herein mentioned, Defendant THE WEXNER FOUNDATION was and is a corporation duly organized and existing under and by the laws of the State of New York with its principal place of business located at 60 East 42nd Street, Suite 1700, New York, New York 10165.

21. At all times herein mentioned, and upon information and belief, Epstein served as the de facto Chief Financial Officer of Defendant THE WEXNER FOUNDATION and operated from its New York City office located at 60 East 42nd Street, Suite 1700, New York, New York 10165.

22. At all times herein mentioned, Defendant LESLIE H. WEXNER is a resident and domiciliary of Ohio.

23. At all times herein mentioned, Defendant LESLIE H. WEXNER was an owner, manager, employee, agent, fiduciary, funder, and/or servant of Defendant THE WEXNER FOUNDATION.

24. At all times herein mentioned, as an employee, agent, and/or servant of Defendants THE WEXNER FOUNDATION and/or NINE EAST 71ST STREET CORPORATION, Defendant LESLIE H. WEXNER enabled and conspired with Epstein to commit acts of gender-motivated violence.

7

25.      Defendant LESLIE H. WEXNER is individually liable and liable as an employee, agent, and/or servant of Defendants THE WEXNER FOUNDATION and/or NINE EAST 71ST STREET CORPORATION and/or other entities or trusts for enabling and conspiring with Epstein to commit acts of gender-motivated violence against Plaintiffs.

## **VENUE, JURISDICTION AND TIMELINESS**

26.      This action is brought under the Gender-Motivated Violence Protection Act (hereinafter, "GMVA") (New York City Administrative Code § 10-1101 *et seq.*). On January 29, 2026, an amendment to the GMVA, Introduction 1297-A (hereinafter, "Intro 1297-A") was enacted by the New York City Council.[1] This amendment (d)(ii) allows survivors of gender-motivated violence who were harmed prior to January 9, 2022, to sue their abuser and/or any individual or entity who enabled the conduct of said abuser, within eighteen months of Intro 1297-A's enactment on January 29, 2026. As such, this action is timely under Intro 1297-A.

27.      Further, the GMVA is not preempted by any other law because it addresses all acts of gender-motivated violence, not merely conduct that constitutes a violation of the Penal Law. The Child Victims Act (hereinafter, "CVA") pursuant to New York Civil Practice Law and Rules § 214-g (hereinafter, "CPLR") and Adult Survivors Act (New York CPLR § 214-j) (hereinafter, "ASA") revived common law assault, battery, negligence, and negligent hiring, retention, and supervision causes of action, while the GMVA's Intro 1297 provides a cause of action pursuant to the GMVA for gender-motivated violence and includes explicit provisions for punitive damages, attorneys fees, and injunctive relief that the CVA and ASA do not.

---

[1] https://nyc.legistar.com/LegislationDetail.aspx?GUID=B01473E5-9E7F-4D9D-8845-65C340D67F23&ID=7411818&utm_source=chatgpt.com

8

28. This Court has personal jurisdiction over the Defendants under New York CPLR §§ 301, 302.

29. The Court has personal jurisdiction over Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION for the following reasons, which include but are not limited to: Defendants owned, used, and/or possessed real property within the State of New York, including 9 E. 71st St., New York, NY (Epstein's residence), 834 5th Ave., New York, NY, 457 Madison Ave., New York, NY (Epstein's office), and 11 E. 71st St., New York, NY; Defendants committed torts inside the State of New York against New York residents, including Plaintiffs, by enabling acts of gender-motivated violence as alleged herein; Defendants regularly conducted business in the State of New York through their numerous businesses including defendants NINE EAST 71ST STREET CORPORATION and THE WEXNER FOUNDATION, and Epstein committed acts of gender-motivated violence against Plaintiffs in his capacity as an employee, agent, and/or servant thereof; and Defendants knew or should have known that their regular business in New York, including giving Epstein hundreds of millions of dollars, property, and other assets as an employee, agent, and/or servant of defendants and providing him full power of attorney, would be used to commit acts of gender-motivated violence against Plaintiffs in New York.

30. Additionally, this Court's jurisdiction over defendants LESLIE H. WEXNER does not violate due process as defendant LESLIE H. WEXNER maintained extensive ties to the State of New York, at all relevant times mentioned, which include but are not limited to the following: owning, controlling, managing, possessing, and/or using property in the State of New York including Epstein's residence located at 9 E. 71st St., New York, NY, where Epstein sexually abused Plaintiffs, the neighboring property located at 11 E. 71st St., New York, NY, 834 5th Ave.,

9

New York, NY, and 457 Madison Ave., New York, NY; owning, creating, controlling, and/or managing numerous businesses in the State of New York including defendant NINE EAST 71ST STREET CORPORATION; owning, controlling, and managing non-profit organizations in the State of New York including defendant THE WEXNER FOUNDATION; retaining and using the services of Epstein, a New York resident operating out of the State of New York, as Wexner's power of attorney with complete control over Wexner's personal finances and business dealings; frequently travelling to the State of New York; and transmitting hundreds of millions of dollars, property and other assets, including an airplane, to Epstein in the State of New York that was used to create, manage, and operate Epstein's sex trafficking operation; regularly conducting meetings in New York with Epstein for both business and personal matters; Epstein carried out extensive business within New York as an agent, servant, and/or employee of Defendant LESLIE H. WEXNER; Defendant LESLIE H. WEXNER knowingly used and relied upon agents, including Epstein, within New York to manage both personal and business affairs; Defendant LESLIE H. WEXNER, personally and through New York-based foundations controlled by Defendant LESLIE H. WEXNER, sent hundreds of millions of dollars to Epstein in New York City and through New York banks and financial institutions that enabled and was used to create and operate Epstein's sex trafficking operation; and Defendant LESLIE H. WEXNER regularly engaged in real estate transactions in New York, including transactions relating to Epstein's residence located at 9 E. 71st St., New York, New York 10021 in 1989, 1998, and 2011.

31.     At all relevant times mentioned, Epstein and defendants LESLIE H. WEXNER committed torts under the GMVA in New York through Defendants THE WEXNER FOUNDATION and NINE EAST 71ST STREET CORPORATION, which Defendant LESLIE H. WEXNER owned, managed, and/or controlled in New York.

32.     At all relevant times mentioned, defendants LESLIE H. WEXNER used Defendants THE WEXNER FOUNDATION and NINE EAST 71ST STREET CORPORATION in the State of New York as alter egos to conceal his transfers of money, property, and other assets to Epstein, which he used to commit acts of gender-motivated violence against Plaintiffs in the State of New York.

33.     At all relevant times mentioned, defendants LESLIE H. WEXNER, THE WEXNER FOUNDATION and NINE EAST 71ST STREET CORPORATION owned, used, and/or possessed the real property located at 9 E. 71st St., New York, New York.

34.     At all relevant times mentioned, defendants LESLIE H. WEXNER, THE WEXNER FOUNDATION and NINE EAST 71ST STREET CORPORATION committed tortious acts out of state by giving Epstein hundreds of millions of dollars, property, and other assets to commit acts of gender-motivated violence within New York, including against Plaintiffs.

35.     At all relevant times mentioned, defendants LESLIE H. WEXNER, THE WEXNER FOUNDATION and NINE EAST 71ST STREET CORPORATION regularly conducted business in New York from which Epstein profited and used to commit acts of gender-motivated violence against Plaintiff, including other women and children.

36.     At all relevant times, Defendant LESLIE H. WEXNER knew or should have known that Epstein was committing acts of gender-motivated violence against woman and minor girls, including Plaintiffs, as an owner, manager, agent, servant, and/or employee of Defendants NINE EAST 71ST STREET CORPORATION and THE WEXNER FOUNDATION.

37.     At all relevant times, Defendant LESLIE H. WEXNER knew or should have known that Epstein was recruiting Victoria's Secret models as an agent, servant, and/or employee of

11

Victoria's Secret and utilized this position to commit acts of gender-motivated violence against plaintiffs.

38. In fact, Defendant LESLIE H. WEXNER was informed by an employee of Victoria's Secret that Epstein was holding himself out as an agent, servant, and employee of Victoria's Secret in order to recruit women against whom he could commit acts of gender-motivated violence. Despite this, Wexner did nothing.

39. Venue is proper in this Court pursuant to CPLR § 503 because, at all times herein mentioned, a substantial part of the acts and omissions alleged herein occurred in New York County in the City of New York, New York, and Defendants NINE EAST 71ST STREET CORPORATION and THE WEXNER FOUNDATION are domiciled in New York County in the City of New York, New York.

40. Further, Plaintiff CARINE SILVA DE DEUS and many other plaintiffs resided in New York City when defendants enabled and conspired for Epstein to commit acts of gender-motivated violence against her.

41. Defendants' conduct violated New York's GMVA that exists to protect and provide legal recourse to persons, including the Plaintiffs herein, from acts of gender-motivated violence as perpetrated by Epstein and his associates in New York, New York.

42. Furthermore, any statute of limitations that would otherwise apply to Plaintiffs' claims herein is tolled in accord with the doctrine of equitable estoppel as based on the deception, duress, fraud, and/or threats of retaliation and misconduct that Epstein and his co-conspirators used to silence his victims, including Plaintiffs. At a minimum, the same conduct by Epstein and his associates deprived Plaintiffs of their legal rights and an opportunity to commence this lawsuit

12

prior to Epstein's death in August 2019. Accordingly, Defendants are equitably estopped from asserting a statute of limitations defense.

## FACTUAL HISTORY

43. Epstein was a notorious sexual predator responsible for committing gender-motivated violence against hundreds of women and minor girls, including the Plaintiffs herein.

44. All of Epstein's victims were female and his acts of sexual violence were motivated by gender. That gender-motivated violence caused severe and protracted pain and suffering for Plaintiffs.

45. Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION each enabled and conspired jointly and with Epstein to commit acts of gender-motivated violence against Plaintiffs.

46. If not for Defendant LESLIE H. WEXNER giving hundreds of millions of dollars of money, real estate, his private plane, and other assets to Epstein through his numerous businesses and non-profits, including but not limited to defendants NINE EAST 71ST STREET CORPORATION and THE WEXNER FOUNDATION, Epstein would not have had the opportunities and resources he needed to run a sex trafficking operation and commit gender-motivated violence against hundreds of women and minor girls, including Plaintiffs.

47. Moreover, Defendant NINE EAST 71ST STREET CORPORATION was created by Epstein and Defendant LESLIE H. WEXNER and existed for the purpose of purchasing, managing and furnishing Epstein with a residential property located at 9 E. 71st St., New York, New York (also "Epstein's Residence") to commit acts of gender-motivated violence against women and minor girls, including Plaintiffs.

13

48. For 13 years, defendants LESLIE H. WEXNER and NINE EAST 71ST STREET CORPORATION furnished Epstein with the Epstein's Residence where he sexually abused and trafficked Plaintiffs, including other women and children.

49. Defendants LESLIE H. WEXNER exercised complete control over defendants THE WEXNER FOUNDATION and NINE EAST 71ST STREET CORPORATION and used these entities as mere instrumentalities and alter egos to conceal the transfer of hundreds of millions of dollars of money, property, and other assets to Epstein.

50. For two decades, between 1987 and 2007, defendants LESLIE H. WEXNER gave Epstein $200 million or more that Epstein used to commit acts of gender-motivated violence against hundreds of women and minor girls, including Plaintiffs, in New York City.

51. Defendant LESLIE H. WEXNER's decision, individually and as an employee, agent and/or servant of defendants NINE EAST 71ST STREET CORPORATION and THE WEXNER FOUNDATION, to grant Epstein full power of attorney over his multibillion-dollar fortune and commercial and real estate empire enabled Epstein to commit acts of gender-motivated violence against Plaintiffs in New York City.

52. In or about 2000, and continuing thereafter, when Plaintiff MALGORZATA LESNIEWSKI was a child of approximately 17 years old, Epstein committed gender-motivated violence against her on multiple occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

53. In or about 2004, and continuing thereafter, when Plaintiff AUDRA CHRISTIANSEN was approximately 24 years old, Epstein committed gender-motivated violence

14

against her at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

54.     In or about 2001, and continuing thereafter, when Plaintiff CARINE SILVA DE DEUS was a child of approximately 17 years old, Epstein committed gender-motivated violence against her on multiple occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

55.     In or about 2003, and continuing thereafter, when Plaintiff RENATA NAVEGA was approximately 20 years old, Epstein committed gender-motivated violence against her on many occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

56.     In or about 2000, and continuing thereafter, when Plaintiff JONIKA OAKES was a child of approximately 17 years old, Epstein committed gender-motivated violence against her on many occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

15

57. In or about 2001, and continuing thereafter, when Plaintiff KIYANA OAKES was approximately 20 years old, Epstein committed gender-motivated violence against her on multiple occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

58. In or about 2002, and continuing thereafter, when Plaintiff NAKEISHA WILLIAMS was approximately 26 years old, Epstein committed gender-motivated violence against her on multiple occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

59. In or about 2004, and continuing thereafter, when Plaintiff ANDREA STERLING was approximately 18 years old, Epstein committed gender-motivated violence against her on multiple occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

60. In or about 2016, and continuing thereafter, when Plaintiff VIKTORIIA MAKHOVA was approximately 25 years old, Epstein committed gender-motivated violence against her on multiple occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET

16

CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

61. In or about 2007, and continuing thereafter, when Plaintiff STACEY AULT was approximately 30 years old, Epstein committed gender-motivated violence on multiple occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

62. In or about 2002, and continuing thereafter, when Plaintiff JANE DOE was approximately 19 years old, Epstein committed gender-motivated violence on multiple occasions at his residence located at 9 E. 71st St., New York, NY, which Epstein was allowed to use by Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION to commit acts of gender-motivated violence against all Plaintiffs.

63. At all times mentioned herein, Defendants NINE EAST 71ST STREET CORPORATION and LESLIE H. WEXNER controlled, owned, managed, and operated the premises (also Epstein's Residence) located at 9 E. 71st St., New York, New York.

64. At all times mentioned herein, Defendant NINE EAST 71ST STREET CORPORATION was created and existed for the purpose of enabling Epstein's acts of gender-motivated violence against women and minor girls, including Plaintiffs.

65. At all times mentioned herein, Epstein was an agent, servant and/or employee and Chief Executive Officer of Defendant NINE EAST 71ST STREET CORPORATION.

66. At all times mentioned herein, Epstein was an employee, agent, and/or servant and he was a trustee on the board of Defendant THE WEXNER FOUNDATION from on or about 1992 until 2008.

17

67.     At all times mentioned herein, Epstein acted within his scope of his employment by Defendants NINE EAST 71ST STREET CORPORATION and/or THE WEXNER FOUNDATION when he committed acts of gender-motivated violence against Plaintiffs.

68.     Defendants NINE EAST 71ST STREET CORPORATION and THE WEXNER FOUNDATION enabled Epstein's acts of gender-motivated violence against Plaintiffs.

69.     Defendant NINE EAST 71ST STREET CORPORATION enabled Epstein's acts of gender-motivated violence against Plaintiffs in the following ways, which include but were not limited to: providing the central premises and base for Epstein's sex trafficking operation; furnishing Epstein with a facility and related equipment for committing sexual abuse of Plaintiffs; providing Epstein with a location for operating the sex trafficking ring that permitted him to commit acts of gender-motivated violence against Plaintiffs; and providing a location for Epstein and his associates to plan, manage, and operate Epstein's sex trafficking operation and acts of gender-motivated violence against Plaintiffs.

70.     Defendant THE WEXNER FOUNDATION enabled Epstein's acts of gender-motivated violence against Plaintiffs in the following ways, which include but were not limited to: furnishing Epstein with a facility and related equipment for committing sexual abuse of Plaintiffs; providing Epstein with a location for operating the sex trafficking ring that permitted him to commit acts of gender-motivated violence against Plaintiffs; employing Epstein and providing him full power of attorney over Defendant LESLIE H. WEXNER's billion-dollar fortune; appointing Epstein to positions of trustee and director on its board which he used to funnel money and other assets to his sex trafficking operation; paying Epstein more than approximately $200 million that he used to commit acts of gender-motivated violence against Plaintiffs; providing a location for Epstein to plan, manage, and operate his sex trafficking operation and acts of gender-motivated

18

violence against Plaintiffs; financially enabling Epstein to commit acts of gender-motivated violence against Plaintiffs.

72. Defendant LESLIE H. WEXNER enabled Epstein's acts of gender-motivated violence against Plaintiffs.

72. In an email written by Epstein on June 14, 2014, and recently released by the DOJ, Epstein said that he "never ever, did anything without informing les [Leslie Wexer]"; "would never put les [Leslie Wexner] in harms way; and "would never give him up."[2]

73. In another email addressed to Defendant LESLIE H. WEXNER, Epstein also said that "You [Leslie Wexner] and I had 'gang stuff' for over 15 years. A great deal of it"; "I have never once, not once, done anything, but protect your interests"; "I always told you I would never under any circumstances give it up, or put you in harms way, no matter who, what or when."[3]

74. According to a Wall Street Journal report, of the $490 million of fee income Epstein collected between 1999 and 2018, 75% of those fees were generated by his two largest clients, including Defendant LESLIE H. WEXNER.[4]

75. Defendant LESLIE H. WEXNER was Epstein's primary client from 1991 to 2007, during which Defendant LESLIE H. WEXNER paid Epstein an estimated $200 million or more that was used by Epstein to sex traffic and commit gender-motivated violence against Plaintiffs and others.[5]

---

[2] *See* DOJ Epstein File Library, Doc Nos. EFTA00991186, EFTA01919666.
[3] *See* DOJ Epstein File Library, Doc No. EFTA01110729.
[4] Khadeeja Safdar, Rebecca Davis O'Brien, Gregory Zuckerman and Jenny Strasburg, The Wall Street Journal (July 25, 2019), https://www.wsj.com/articles/jeffrey-epstein-burrowed-into-the-lives-of-the-rich-and-made-a-fortune-11564092553?st=kL1PrV&reflink=desktopwebshare_permalink
[5] Giacomo Tognini & John Hyatt, Forbes (July 25, 2025), https://www.forbes.com/sites/giacomotognini/2025/07/25/how-jeffrey-epstein-got-so-rich/

19

76.     In July 1991, Defendant LESLIE H. WEXNER made Epstein his power of attorney, which enabled Epstein's gender-motivated violence against plaintiffs and other women and children as it allowed Epstein to withdraw hundreds of millions of dollars that he used to sex traffic plaintiffs and other women and children, including by paying his victims large amounts of cash for their silence.

77.     Epstein held so much financial control over Defendant LESLIE H. WEXNER that "by 1991 Epstein held full power of attorney over [Defendant] Wexner's finances."[6]

78.     Defendant LESLIE H. WEXNER's power of attorney to Epstein states that Epstein's office was located at 457 Madison Ave., New York, New York 10022.

79.     The power of attorney also provides Epstein sweeping powers over Defendant LESLIE H. WEXNER's entire personal and business portfolio, including the powers to "transact all and every kind of business of whatsoever nature and kind"; "to sign, seal, execute . . . agreements, deeds, leases"; and "to do all the acts, take all the proceedings; and exercise all of the rights, powers, and privileges which I might do, take, or exercise with respect to any of my assets."

80.     Epstein's power of attorney over Defendant LESLIE H. WEXNER lasted for 16 years and had no limits, "enabl[ing] Mr. Epstein to hire people, sign checks, buy and sell properties and borrow money — all on Mr. Wexner's behalf."[7]

81.     Defendant LESLIE H. WEXNER also made Epstein a board member and trustee of Defendant THE WEXNER FOUNDATION.  Epstein served on the board for 15 years.

---

[6] *Id.*

[7] Emily Steel, Steve Eder, Sapna Maheshwari and Matthew Goldstein, The New York Times (July 25, 2019), https://www.nytimes.com/2019/07/25/business/jeffrey-epstein-wexner-victorias-secret.html

82.     Epstein's name was found on public filings for Defendant LESLIE H. WEXNER's companies, and Epstein was named as a trustee for several of Defendant LESLIE H. WEXNER's other entities and trusts, including those of Wexner's children.[8]

83.     Defendant LESLIE H. WEXNER owned and provided to Epstein an airplane, a Boeing 727 nicknamed the "Lolita Express", that Epstein used to transport and sexually abuse women and minor girls, including Plaintiffs.[9]

84.     Between approximately 1998 and 2011, Defendant LESLIE H. WEXNER owned and provided to Epstein a 28,000-square-foot mansion on Manhattan's Upper East Side located at 9 E. 71st St., New York, New York, (also Epstein's Residence) where he committed acts of gender-motivated violence against Plaintiffs.[10]

85.     On or around 2011, Defendant LESLIE H. WEXNER officially sold the property at 9 E. 71st St. to Defendant NINE EAST 71ST STREET CORPORATION where Epstein's acts of gender-motivated violence against Plaintiffs continued.[11]

86.     In advance of his deposition by the House of Representatives Oversight Committee on February 18, 2026, Defendant LESLIE H. WEXNER submitted a formal statement that makes clear how much control Epstein had over Defendant LESLIE H. WEXNER's finances: "I formally hired Jeffrey Epstein to manage my personal finances"; "I provided Epstein with a power of attorney so he could execute transactions quickly"; and, "I provided the same scope of authority to Epstein as I did to his successor."[12]

---

[8] *Id.*
[9] Tognini & John Hyatt, *supra* note 5.
[10] *Id.*
[11] *Id.*
[12] Leslie H. Wexner, Statement to the Committee on Ovesight and Government Reform. U.S. House of Representatives (Feb. 18, 2026), https://share.google/ua1ZBL2zENrIVCZ6o

Case 1:26-cv-02613 Document 1-1 Filed 03/30/26 Page 22 of 37

87. In the same formal statement, Defendant LESLIE H. WEXNER also admitted that he visited Epstein's island in the U.S. Virgin Islands and ranch in New Mexico, and that he sold Epstein his property located at 9 E. 71st St., New York, New York.[13]

88. After Defendant LESLIE H. WEXNER's deposition on February 18, 2026, Ranking Member of the Committee on Oversight and Government Reform Congressman Robert Garcia remarked: "We should be very clear that there would be no Epstein island, there would be no Epstein plane, there would be no money to traffic women and girls, Mr. Epstein would not be the wealthy man he was without the support of Les Wexner."[14]

89. Defendant LESLIE H. WEXNER even participated in Epstein's sex trafficking operation. Virginia Roberts Giufree, an Epstein victim, testified under oath on January 16, 2016, that she, and Sarah Kellen, were trafficked to and had sex with Defendant LESLIE H. WEXNER. Here are two portions of sworn testimony Ms. Guiffre gave on January 16, 2016:

```
                                                          22
        Q.    How many times did you have sex with Les
Wexner?
        A.    Multiple.
        Q.    What's the approximate range of number,
more than three?
        A.    More than three.
        Q.    More than five?
        A.    Possibly.
        Q.    More than ten?
        A.    No.
```

---

[13] *Id.*

[14] Congressman Robert Garcia Statement (Feb. 18, 2026), https://oversightdemocrats.house.gov/news/press-releases/ranking-member-robert-garcia-statement-following-deposition-of-jeffrey-epstein-client-and-billionaire-benefactor-les-wexner

22

```
                                                              37
   Brunel?
           A.     I again was there.
           Q.     How many times did you and Les Wexner and
   Sarah Kellen have sex together?
           A.     Once that I can remember.
           Q.     Where were you?
           A.     New Mexico.
```

90.     Defendant LESLIE H. WEXNER enabled Epstein's acts of gender-motivated violence against Plaintiffs in the following ways, which include but were not limited to: providing Epstein the $200 million or more that he used to create, fund, and operate his sex trafficking ring to commit acts of gender-motivated violence against plaintiffs and others; providing Epstein direct access to Victoria's Secret and allowing Epstein to use Victoria's Secret to enable his sex trafficking network and commit further acts of gender motivated violence against Plaintiffs, and other women and girls; allowing Epstein to act as an agent, servant, and/or employee of Victoria's Secret to find, recruit and sexually abuse women and minor girls; continuing to employ Epstein and to provide him access to his business and personal finances despite knowing that Epstein committed gender-motivated violence against women and minor girls; providing power of attorney to Epstein for him to execute transactions that fueled his sex trafficking operation that impacted hundreds of women and children, including plaintiffs; and connecting Epstein with other wealthy individuals and institutions which participated in or further enabled Epstein's sex trafficking operation.

91.     Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION enabled Epstein's acts of gender-motivated violence because they were aware or should have been aware of Epstein's sexual abuse of Plaintiffs but failed to do anything to stop the same.





24





*Photos of Jeffrey Epstein and Leslie Wexner.*

25

## COUNT I:
### VIOLATION OF GENDER-MOTIVATED VIOLENCE ACT
### Enabling Gender-Motivated Violence
*(NYC Admin. Code § 10-1101 et. seq.)*

### As Against Defendant LESLIE H. WEXNER

92. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs of the complaint as if fully set forth herein, inclusive, with the same force and effect as if hereinafter set forth at length.

93. In violation of the GMVA, Defendant LESLIE H. WEXNER enabled Epstein's acts of gender-motivated violence against Plaintiffs in the following ways, which include but were not limited to: providing Epstein the money he used to transport and pay the victims and associates of his sex trafficking operation, including Plaintiffs; continuing to employ Epstein despite knowing that Epstein sexually abused and committed acts of gender-motivated violence on women and minor girls, including plaintiffs; providing full power of attorney to Epstein to execute transactions and funnel money from his and his wife's companies to his sex trafficking operation; utilizing his control as an employee, agent and/or servant of Defendants NINE EAST 71ST STREET CORPORATION and/or THE WEXNER FOUNDATION so Epstein could use both to commit acts of gender-motivated violence against Plaintiffs; utilizing his relationship to Defendant THE WEXNER FOUNDATION and Victoria's Secret so Epstein could use both to commit acts of gender-motivated violence against plaintiffs; and connecting Epstein with other wealthy individuals and institutions which participated in or further enabled Epstein's sex trafficking operation.

94. Therefore, as a result of the conduct complained of herein, Defendant LESLIE H. WEXNER has violated the GMVA and as such, Defendant LESLIE H. WEXNER is liable to

26

Plaintiffs for: (1) compensatory and punitive damages; (2) injunctive and declaratory relief; (3) attorneys' fees and costs; and (4) such other relief as a court may deem appropriate.

95. As a direct and proximate result of Defendant LESLIE H. WEXNER's violations of the GMVA, Plaintiffs have sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

96. As a direct and proximate result of Defendant LESLIE H. WEXNER's violations of the GMVA, Plaintiffs have incurred medical expenses and other economic damages, and continue to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure themselves of their injuries and to alleviate their pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

97. By reason of the foregoing, Plaintiffs were caused to sustain severe and serious personal injuries, a severe shock to their nervous system and certain internal injuries, and were caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that said Plaintiffs were incapacitated from attending their regular activities; and there was caused to be expended sums of money for medical care on their behalf.

98. By reason of the foregoing, the Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just, and adequate, and the Plaintiffs are further entitled to punitive and exemplary damages from defendants in such sums as a jury would find fair, just, and appropriate to deter said defendants and other from future similar misconduct.

99. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

100. This action falls within exceptions to Article 16 of the C.P.L.R.

## COUNT II:
### VIOLATION OF GENDER-MOTIVATED VIOLENCE ACT
### Enabling Gender-Motivated Violence
*(NYC Admin. Code § 10-1101 et. seq.)*

### As Against Defendant NINE EAST 71ST STREET CORPORATION

101. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs of the complaint as if fully set forth herein, inclusive, with the same force and effect as if hereinafter set forth at length.

102. At all times mentioned herein, Defendant NINE EAST 71ST STREET CORPORATION controlled, owned, managed, and operated the premises located at 9 E. 71st St., New York, New York.

103. At all times mentioned herein, Defendant NINE EAST 71ST STREET CORPORATION was created and existed for the purpose of enabling Epstein's acts of gender-motivated violence against women and minor girls, including Plaintiffs.

104. At all times mentioned herein, Epstein was an employee and Chief Executive Officer of Defendant NINE EAST 71ST STREET CORPORATION.

105. At all times mentioned herein, Epstein was an owner of Defendant NINE EAST 71ST STREET CORPORATION.

106. At all times mentioned herein, Epstein and Defendants LESLIE H. WEXNER exercised complete control over defendant NINE EAST 71ST STREET CORPORATION and used this entity as a mere instrumentality and alter ego to conceal and funnel hundreds of millions of dollars in money, property and other assets to Epstein.

28

Case 1:26-cv-02613   Document 1-1   Filed 03/30/26   Page 29 of 37

107. At all times mentioned herein, Epstein was acting within his scope of employment of Defendant NINE EAST 71ST STREET CORPORATION when he committed acts of gender-motivated violence against Plaintiffs.

108. In violation of the GMVA, Defendant NINE EAST 71ST STREET CORPORATION enabled Epstein's acts of gender-motivated violence against Plaintiffs in the following ways, which include but were not limited to: providing the central base for Epstein's sex trafficking operation; furnishing Epstein with a facility and related equipment for committing sexual abuse of Plaintiffs; providing Epstein with a location for operating the sex trafficking ring that permitted him to commit acts of gender-motivated violence against Plaintiffs; and providing a location for Epstein to plan, manage, and operate his sex trafficking operation and acts of gender-motivated violence against Plaintiffs.

109. Therefore, as a result of the conduct complained of herein, NINE EAST 71ST STREET CORPORATION has violated the GMVA and as such, the NINE EAST 71ST STREET CORPORATION is liable to Plaintiffs for: (1) compensatory and punitive damages; (2) injunctive and declaratory relief; (3) attorneys' fees and costs; and (4) such other relief as a court may deem appropriate.

110. As a direct and proximate result of NINE EAST 71ST STREET CORPORATION's violations of the GMVA, Plaintiffs have sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

111. As a direct and proximate result of NINE EAST 71ST STREET CORPORATION's violations of the GMVA, Plaintiffs have incurred medical expenses and other economic damages, and continue to be in physical pain and suffering, and will now be obligated

29

to expend sums of money for medical care and attention in an effort to cure themselves of their injuries and to alleviate their pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

112. By reason of the foregoing, Plaintiffs were caused to sustain severe and serious personal injuries, a severe shock to their nervous system and certain internal injuries, and were caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that said Plaintiffs were incapacitated from attending their regular activities; and there was caused to be expended sums of money for medical care on their behalf.

113. By reason of the foregoing, the Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just, and adequate, and the Plaintiffs are further entitled to punitive and exemplary damages from defendants in such sums as a jury would find fair, just, and appropriate to deter said defendants and other from similar future misconduct.

114. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

115. This action falls within exceptions to Article 16 of the C.P.L.R.

**COUNT III:**
**VIOLATION OF GENDER-MOTIVATED VIOLENCE ACT**
**Enabling Gender-Motivated Violence**
*(NYC Admin. Code § 10-1101 et. seq.)*

**As Against Defendant THE WEXNER FOUNDATION**

116. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs of the complaint as if fully set forth herein, inclusive, with the same force and effect as if hereinafter set forth at length.

30

117. At all times mentioned herein, Epstein served as a trustee and de facto chief financial officer of THE WEXNER FOUNDATION.

118. At all times mentioned herein, Epstein served as a trustee and on the board of Defendant THE WEXNER FOUNDATION.

119. At all times mentioned herein, Defendant LESLIE H. WEXNER was an employee, agent, and/or servant of Defendant THE WEXNER FOUNDATION.

120. At all times mentioned herein, Defendant LESLIE H. WEXNER was an owner and/or manager of Defendant THE WEXNER FOUNDATION.

121. At all times mentioned herein, Defendant THE WEXNER FOUNDATION enabled Epstein's acts of gender-motivated violence against women and minor girls, including Plaintiffs.

122. At all times mentioned herein, Epstein was acting within his scope of employment of Defendant THE WEXNER FOUNDATION when he committed acts of gender-motivated violence against Plaintiffs.

123. Defendant LESLIE H. WEXNER was the owner and de facto Chief Executive Officer of Defendant THE WEXNER FOUNDATION.

124. At all times mentioned herein, Defendants LESLIE H. WEXNER exercised complete control over defendant THE WEXNER FOUNDATION and used this entity as a mere instrumentality and alter ego to conceal and funnel hundreds of millions of dollars in money, property and other assets to Epstein.

125. In violation of the GMVA, Defendant THE WEXNER FOUNDATION enabled Epstein's acts of gender-motivated violence against Plaintiffs in the following ways, which include but were not limited to: furnishing Epstein with a facility and related equipment for committing sexual abuse of Plaintiffs; providing Epstein with a location for operating the sex trafficking ring

31

that permitted him to commit acts of gender-motivated violence against Plaintiffs; employing Epstein and providing him full power of attorney over Defendant LESLIE H. WEXNER's billion-dollar fortune; appointing Epstein to positions of trustee and director on its board which he used to funnel money and other assets to his sex trafficking operation; paying Epstein more than approximately $200 million that he used to commit acts of gender-motivated violence against Plaintiffs; providing a location for Epstein to plan, manage, and operate his sex trafficking operation and acts of gender-motivated violence against Plaintiffs.

126. Therefore, as a result of the conduct complained of herein, THE WEXNER FOUNDATION has violated the GMVA and as such, THE WEXNER FOUNDATION is liable to Plaintiffs for: (1) compensatory and punitive damages; (2) injunctive and declaratory relief; (3) attorneys' fees and costs; and (4) such other relief as a court may deem appropriate.

127. As a direct and proximate result of THE WEXNER FOUNDATION's violations of the GMVA, Plaintiffs have sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

128. As a direct and proximate result of THE WEXNER FOUNDATION's violations of the GMVA, Plaintiffs have incurred medical expenses and other economic damages, and continue to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure themselves of their injuries and to alleviate their pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

129. By reason of the foregoing, Plaintiffs were caused to sustain severe and serious personal injuries, a severe shock to their nervous system and certain internal injuries, and were caused to suffer severe physical pain and mental anguish as a result thereof, and upon information

32

and belief these injuries are of a permanent and lasting nature; that said Plaintiffs were incapacitated from attending their regular activities; and there was caused to be expended sums of money for medical care on their behalf.

130. By reason of the foregoing, the Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just, and adequate, and the Plaintiffs are further entitled to punitive and exemplary damages from defendants in such sums as a jury would find fair, just, and appropriate to deter said defendants and other from future similar misconduct.

131. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

132. This action falls within exceptions to Article 16 of the C.P.L.R.

### COUNT IV:
### VIOLATION OF GENDER-MOTIVATED VIOLENCE ACT
**Conspiring for Gender-Motivated Violence**
*(NYC Admin. Code § 10-1101 et. seq.)*

### As Against All Defendants, Jointly

133. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the preceding paragraphs of the complaint as if fully set forth herein, inclusive, with the same force and effect as if hereinafter set forth at length.

134. In violation of the GMVA, Defendants LESLIE H. WEXNER, NINE EAST 71ST STREET CORPORATION, and THE WEXNER FOUNDATION, jointly, conspired for Epstein's acts of gender-motivated violence against Plaintiffs in the following ways, which include but were not limited to: defendants LESLIE H. WEXNER providing Epstein with full power of attorney and appointing him chief financial officer over their numerous businesses and non-profits, including NINE EAST 71ST STREET CORPORATION and THE WEXNER FOUNDATION, that Epstein used to fund his sex trafficking operation; Epstein creating defendant NINE EAST

33

71ST STREET CORPORATION for the purpose of funneling and concealing the transfer of hundreds of millions of dollars, property and other assets from defendants LESLIE H. WEXNER and THE WEXNER FOUNDATION; Epstein using his employment and associated positions at defendants NINE EAST 71ST STREET CORPORATION and THE WEXNER FOUNDATION to transfer money and assets between himself and defendants LESLIE H. WEXNER to fund his sex trafficking operation.

135. Therefore, as a result of the conduct complained of herein, all defendants have violated the GMVA and as such, defendants are liable to Plaintiffs for: (1) compensatory and punitive damages; (2) injunctive and declaratory relief; (3) attorneys' fees and costs; and (4) such other relief as a court may deem appropriate.

136. As a direct and proximate result of all defendants' violations of the GMVA, Plaintiffs have sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

137. As a direct and proximate result of all defendants' violations of the GMVA, Plaintiffs have incurred medical expenses and other economic damages, and continue to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure themselves of their injuries and to alleviate their pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

138. By reason of the foregoing, Plaintiffs were caused to sustain severe and serious personal injuries, a severe shock to their nervous system and certain internal injuries, and were caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that said Plaintiffs were

incapacitated from attending their regular activities; and there was caused to be expended sums of money for medical care on their behalf.

139.    By reason of the foregoing, the Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just, and adequate, and the Plaintiffs are further entitled to punitive and exemplary damages from defendants in such sums as a jury would find fair, just, and appropriate to deter said defendants and other from future similar misconduct.

140.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

141.    This action falls within exceptions to Article 16 of the C.P.L.R.

**WHEREFORE**, Plaintiffs demand judgment against defendants in such sum as a jury would find fair, adequate and just.

Dated: New York, New York
       March 6, 2026

**MERSON LAW, PLLC**

By:    */s/ Jordan K. Merson, Esq.*
      Jordan K. Merson, Esq.
      Nathan E. Werksman, Esq.
      Jennifer C. Plotkin, Esq.
      Samuel A. Martin, Esq.
      Noah M. Werksman, Esq.
      *Attorneys for Plaintiffs*
      950 Third Avenue
      New York, New York 10022
      (212) 603-9100

35

SUPREME COURT OF THE STATE OF NEW YORK     Index No. \_\_/2026
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MALGORZATA LESNIEWSKI, AUDRA
CHRISTIANSEN, CARINE SILVA DE DEUS,
RENATA NAVEGA, JONIKA OAKES, KIYANA
OAKES, NAKEISHA WILLIAMS, ANDREA     **ATTORNEY'S**
STERLING, VIKTORIIA MAKHOVA, STACEY     **VERIFICATION**
AULT, and JANE DOE,

           *Plaintiffs*,

     -against-

LESLIE HERBERT WEXNER,
NINE EAST 71ST STREET CORPORATION,
and THE WEXNER FOUNDATION,

           *Defendants*.

------------------------------------------------------------------------X

    **JORDAN K. MERSON**, an attorney duly admitted to practice in the Courts of New York

State, and a member of the firm MERSON LAW, PLLC., attorneys for the plaintiffs in the within

action, hereby affirms under penalty of perjury:

    That he has read the within complaint and knows the contents thereof, and that the same is true

to his own knowledge, except as to the matters therein stated to be alleged upon information and

belief, and that as to those matters he believes it to be true.

    That the sources of his information and knowledge are investigations and records in the file.

    That the reason this verification is made by affirmant and not by the plaintiffs is that the

plaintiffs are not within the County where the attorney has his office.

Dated: New York, New York
       March 6, 2026

                            **MERSON LAW, PLLC**

            By:    */s/ Jordan K. Merson, Esq.*
                     Jordan K. Merson, Esq.

Nathan E. Werksman, Esq.
Jennifer C. Plotkin, Esq.
Samuel A. Martin, Esq.
Noah M. Werksman, Esq.
*Attorneys for Plaintiffs*
950 Third Avenue
New York, New York 10022
(212) 603-9100

37