**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MALGORZATA LESNIEWSKI, AUDRA
CHRISTIANSEN, CARINE SILVA DE DEUS,
RENATA NAVEGA, JONIKA OAKES, KIYANA
OAKES, NAKEISHA WILLIAMS, ANDREA
STERLING, VIKTORIIA MAKHOVA, STACEY
AULT, and JANE DOE,

                *Plaintiffs,*

    v.

LESLIE HERBERT WEXNER,
NINE EAST 71ST STREET CORPORATION,
and THE WEXNER FOUNDATION,

                *Defendants.*

Case No. 1:26-cv-02613 (JGK)

---

## DECLARATION OF ERIKA KELLERHALS

ERIKA KELLERHALS hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.    I am a Partner of the law firm Kellerhals Ferguson LLP, and I served as counsel in the United States Virgin Islands to the late Jeffrey E. Epstein ("Epstein") and entities owned by him when he was alive, and serve as counsel to the Estate of Jeffrey E. Epstein (the "Estate"), including entities owned by the Estate, since Epstein's passing in 2019.  I submit this declaration in support of Defendant Nine East 71st Street Corporation's ("Nine East") Motion to Dismiss Plaintiffs' Complaint, ECF Nos. 35-37.

2.    Epstein became a client of my former firm in or about 2009.  The Estate became a client of my former firm in or about August 2019.

3.      Among other things, I represented the Estate in connection with pursuing insurance coverage for the defense of certain civil lawsuits and claims brought against the Estate and certain entities owned by the Estate, including those brought against Nine East, following Epstein's death in 2019.

4.      In March and April of 2020, in connection with certain civil lawsuits and claims brought against the Estate and certain entities owned by the Estate, including Nine East, I provided notice of legal claims to all insurers of any entities owned by the Estate to request all available legal defense and liability coverage under any potentially applicable policies.

5.      The Estate also retained an insurance specialist, Michael Gurland, Esq., to analyze potentially applicable insurance coverage.

6.      I reviewed all identified insurance policies that provided coverage to the Estate and entities owned by the Estate.  Nine East was not among the insured entities in any of the policies I reviewed.

7.      Despite work by Mr. Gurland and other counsel for the Estate and entities owned by the Estate, none of the insurance companies agreed to provide coverage.  In particular, potentially applicable insurance coverage was denied because the relevant policies excluded coverage for acts of sexual misconduct and/or intentional acts.

8.      In light of the nature of the lawsuits and claims, the terms of the policies, and counsel's assessment of the scope of insurance coverage, the Estate and entities owned by the Estate did not challenge the coverage position of the insurance companies.

Dated:        June 25, 2026

_____
Erika Kellerhals

2