

www.pbwt.com

July 31, 2026

Daniel Ruzumna
Direct: (212) 336-2034
druzumna@pbwt.com

**<u>Via ECF</u>**

The Honorable John G. Koeltl
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

> **Re:**     ***<u>Lesniewski, et al. v. Wexner, et al.</u>*, No. 26-cv-2613 (JGK)**

Dear Judge Koeltl:

        Along with Troutman Pepper Locke LLP, we represent Defendant Nine East 71st Corporation ("Nine East") and write in response to the July 30, 2026 letter of Plaintiffs' counsel, Jennifer Plotkin, to the Court. In her letter, Ms. Plotkin writes that Plaintiffs' counsel "just learned that Plaintiff Andrea Sterling is a 'stateless' American citizen, who is domiciled and resides in Mexico," and, therefore, the Court must remand the action "[b]ecause the only potential source of federal subject matter jurisdiction in this case was diversity jurisdiction under 28 U.S.C. § 1332(a)." Dkt. No. 47. Ms. Plotkin adds that she is in the process of "gathering documents that establish Ms. Sterling's domicile and residence in Mexico and will promptly provide the Court with those documents under seal." *Id.*

        But even putting aside the fact that briefing on Plaintiffs' motion to dismiss was completed weeks ago, Plaintiffs' counsel's letter fails to mention that the operative complaint in this action, the Verified Amended Complaint (the "Complaint"), specifically alleges that "Plaintiff ANDREA STERLING is a resident of the State of Florida." *See* Dkt. No. 1-1 at 6, ¶ 14. Ms. Plotkin's partner verified the Complaint, affirming under penalty of perjury in relevant part that (1) he "read the … complaint and knows the contents thereof, and that the same is true to his own knowledge," and (2) "[t]hat the sources of his information and knowledge are investigations and records in the file." *See id.* at 36. And by signing the pleading, Plaintiffs' counsel effectively certified that he had done "an inquiry reasonable under the circumstances." *See* 22 NYCRR 130-1.1(a).

        Because "a plaintiff's allegation in its own complaint constitutes a judicial admission," *see Luv N' Care Ltd. v. Goldberg Cohen, LLP*, No. 15 Civ. 9248 (NRB), 2016 WL 4411419, *1 n.2 (S.D.N.Y. Aug. 18, 2016), *aff'd sub nom. Luv N' Care, Ltd v. Goldberg Cohen, LLP*, 703 F. App'x 26 (2d Cir. 2017) (citing *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011)), Plaintiffs' allegation as to Ms. Sterling's residence should be accepted as true by the Court. Plaintiffs' untimely request to supplement the record should be denied.

July 31, 2026
Page 2

Thank you for your attention to this matter.

Respectfully submitted,

Daniel S. Ruzumna

cc: All counsel of record (via ECF)