**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MALGORZATA LESNIEWSKI, AUDRA CHRISTIANSEN, CARINE SILVA DE DEUS, RENATA NAVEGA, JONIKA OAKES, KIYANA OAKES, NAKEISHA WILLIAMS, ANDREA : STERLING, VIKTORIIA MAKHOVA, STACEY AULT, and JANE DOE,

*Plaintiffs*,

v.

LESLIE HERBERT WEXNER,
NINE EAST 71ST STREET CORPORATION,
and THE WEXNER FOUNDATION,

*Defendants*.

Case No. 1:26-cv-02613 (JGK)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ iii

BACKGROUND ........................................................................................................ 1

STANDARD OF REVIEW ........................................................................................ 2

ARGUMENT ........................................................................................................ 2

*I. Defendants Cannot Establish Diversity Because Plaintiff Andrea Sterling is Stateless.* ... 2

CONCLUSION ........................................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blockbuster, Inc. v. Galeno*,
472 F.3d 53 (2d Cir. 2006) .......... 2

*Herrick Co. v. SCS Commc'ns, Inc.*,
251 F.3d 315 (2d Cir. 2001) .......... 1, 3, 4

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
488 F.3d 112 (2d Cir. 2007) .......... 2

*Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*,
224 F.3d 139 (2d Cir. 2000) .......... 3

*Wachtell, Lipton, Rosen, & Katz v. CVR Energy, Inc.*,
18 F. Supp. 3d 414 (S.D.N.Y. 2014) .......... 2

**Statutes**

28 U.S.C. § 1332(a) .......... 1, 2, 3

28 U.S.C. § 1447(c) .......... 1

**Other Authorities**

13B Wright & Miller, *Federal Practice and Procedure*, § 3612 (3d ed.) .......... 3

## INTRODUCTION

This Court must remand this case to New York State Court under 28 U.S.C. § 1447(c). To invoke this Court's jurisdiction, Defendants must establish that the parties are diverse and that the amount in controversy exceeds $75,000.[1] *See* 28 U.S.C. § 1332(a). Defendants cannot establish diversity because Ms. Andrea Sterling is a "stateless" American citizen, who is domiciled and resides in Mexico. "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001).[2] Because Defendants cannot meet their burden to establish diversity, this Court must remand this case to state court.

## BACKGROUND

Plaintiffs filed this action in the Supreme Court of the State of New York, County of New York, alleging that Leslie Wexner, Nine East 71st Street Corporation, and The Wexner Foundation all violated the Gender Motivated Violence Act by enabling Jeffrey Epstein to sexually abuse and traffic Plaintiffs.

Plaintiffs are citizens of several states, including New York. On April 28, 2026 Plaintiffs moved to remand, arguing – among other things – that this Court lacked jurisdiction because Nine East 71st Street Corporation is a New York entity, which destroyed diversity. *See* ECF Nos. 29-31.

---

[1] Plaintiffs concede that the amount in controversy exceeds $75,000.

[2] Defendants also cannot establish diversity jurisdiction because Defendant Nine East 71st Street Corporation is a proper defendant and a New York corporation, which independently destroys diversity. *See* ECF. No. 30, at §(b). Without conceding that Defendant Nine East 71st independently destroys diversity, Plaintiffs will not reiterate those arguments from their prior motion to remand. *See* ECF No. 30, at §(b).

After moving to remand, Plaintiffs' counsel learned that one Plaintiff – Ms. Andrea Sterling – is domiciled and resides in Mexico. Ms. Sterling moved to Mexico in August 2025. She was domiciled and resided in Mexico when this action was filed on March 6, 2026, and has continued to reside in Mexico during the pendency of this action. Ms. Sterling plans to remain in Mexico, and, when she leaves, always intends to return. Upon learning of Ms. Sterling's residence, Plaintiffs' counsel immediately informed this Court. *See* ECF. No. 47. The Court then held a hearing and instructed Plaintiffs to again move to remand based on the newly learned information regarding Ms. Sterling's residence.

## STANDARD OF REVIEW

"[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Thus, the removing party "shoulder[s] the burden because it remove[s] the action to federal court from state court." *Id.*; *see also Wachtell, Lipton, Rosen, & Katz v. CVR Energy, Inc.*, 18 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) ("On a motion to remand, the defendant bears the burden of demonstrating the propriety of removal."). To determine whether it can assert jurisdiction, the Court must "look only to the jurisdictional facts alleged in the Notices of Removal." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007). Removal provisions "are to be strictly construed." *In re Methyl Tertiary*, 488 F.3d at 124. Thus, courts "must resolve any doubts against removability." *Id.*

## ARGUMENT

### *I. Defendants Cannot Establish Diversity Because Plaintiff Andrea Sterling is Stateless.*

This Court lacks jurisdiction under 28 U.S.C. § 1332(a) because one Plaintiff is "stateless."[3] Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction of cases

[3] Besides diversity jurisdiction, Defendants have identified no other sources of subject matter jurisdiction for this Court.

where the matter in controversy exceeds $75,000 and is between citizens of different States or citizens of a State and citizens or subjects of a foreign state.[4] *See* 28 U.S.C. § 1332(a). A party is "a citizen of the state wherein he or she is domiciled." *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000). A party's domicile, in turn, "is the place where that individual has a true, fixed home and principal establishment, and to which, whenever that person is absent from the jurisdiction, he or she has the intention of returning." 13B Wright & Miller, *Federal Practice and Procedure*, § 3612 (3d ed.); *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) (citing Wright & Miller and instructing that domicile requires "physical presence" and "the intent to make the state a home"). A United States citizen domiciled abroad falls within neither category that grants this Court original jurisdiction: "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001).

*Universal Reinsurance* is instructive. There, one of the plaintiffs was a United States citizen residing in Bermuda. 224 F.3d at 140. Because the defendants could not establish that the plaintiff had "his true fixed home in any one of the United States," the Second Circuit found "no basis for subject matter jurisdiction." *Id.* (cleaned up). So too here. Like the plaintiff in *Universal Reinsurance*, Ms. Sterling is domiciled abroad. Ms. Sterling moved to Mexico in August 2025. She has a true, fixed home in Tulum: she leased an apartment there. *See* ECF No. 51 (Declaration

---

[4] When the amount in controversy exceeds $75,000, federal district courts also have original jurisdiction over cases between citizens of different States and in which citizens or subjects of a foreign state are additional parties, and where a foreign state is a plaintiff and citizens of a State or of different States. *See* 28 U.S.C. § 1332(a).

of plaintiff Andrea Sterling and a Spanish-to-English translation of plaintiff Andrea Sterling's lease agreement for her apartment located in Tulum, Mexico which was filed under seal and exchanged with defense counsel). She intends to make Mexico her home, expects to remain there, and, when she is absent, she plans to return. She is therefore domiciled in Mexico. And because Ms. Sterling is domiciled in Mexico, Defendants cannot meet their burden to establish diversity jurisdiction. *See Herrick*, 251 F.3d at 322.

**CONCLUSION**

For the reasons above, Defendants have not met their burden to invoke this Court's jurisdiction. This Court must grant Plaintiffs' motion to remand.

Date: August 21, 2026
New York, New York

**MERSON LAW, PLLC**

By: */s/ Jordan Merson, Esq.*
Jordan K. Merson, Esq.
Jennifer C. Plotkin, Esq.
Nathan E. Werksman, Esq.
Samuel A. Martin, Esq.
Noah M. Werksman, Esq.
Allie M. Shaffer, Esq.
*Attorneys for Plaintiffs*
950 Third Avenue, 18th Floor
New York, New York 10022
(212) 603-9100
jmerson@mersonlaw.com
nwerksman@mersonlaw.com
jplotkin@mersonlaw.com
smartin@mersonlaw.com
noahwerksman@mersonlaw.com
ashaffer@mersonlaw.com

**CERTIFICATE OF SERVICE AND WORD COUNT CERTIFICATION**

The undersigned hereby certifies that on August 21, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that the foregoing was served upon all counsel of record using the CM/ECF system.

The undersigned hereby also certifies the number of words in the brief are 1099 and complies with this Court's formatting rules.

In preparing the certification I have relied on the word count system of the word processing system (Microsoft Word) used to prepare this document.

Dated: New York, New York
August 21, 2026

**MERSON LAW, PLLC**

*/s/ Jordan K. Merson, Esq.*
Jordan K. Merson, Esq.